LENA FINELITE, Appellant, *v.* ALEXANDER FINELITE, Respondent.

*Newly-discovered evidence — tending to impeach the credibility of a witness — laches.*

After the entry of judgment in favor of the defendant, on a trial by the court without a jury, at which the whole case turned upon an interview between several of the witnesses, including the defendant, the plaintiff moved for a new trial on the ground of newly-discovered evidence; the new evidence, disclosed by the affidavits in support of the motion, was that of persons who were not present at said interview, and was directed simply towards impeaching the credibility of the statements of the defendant and one of his witnesses as to what occurred at the interview, by showing the existence of a hostile temper

on the part of the defendant towards the plaintiff, and of a disposition on the part of the witness to support the defendant in his position of hostility, but having no direct bearing upon what occurred at the interview; the motion was denied by the trial judge.

*Held*, on an appeal from the order denying the motion, that the new evidence might not materially affect the conclusion to be reached by the trial judge, after hearing the testimony of all the witnesses who were actually present at the interview; that whether it would or not affect his conclusion, could be best determined by the trial judge himself, and that his disposition of the motion should not be disturbed.

It appeared that the action was tried in February, 1891; that the plaintiff thereafter made a number of motions, including motions to open defaults and a motion to change conditions imposed upon granting an extension of time to serve a case on appeal; this last motion was denied, but the plaintiff subsequently applied for leave to renew it, which application was disposed of in February, 1892, by an order which, upon condition of the withdrawal of notice of appeal, permitted the plaintiff to make a motion for a new trial on the ground of newly-discovered evidence; such a motion was made in July, 1892, and from the order denying it, the present appeal was taken.

*Semble*, that the motion should have been denied because of *laches*.

APPEAL by the plaintiff, Lena Finelite, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 24th day of October, 1892, denying a motion made by the plaintiff on the 11th day of July, 1892, for a new trial on the ground of newly-discovered evidence.

The action was tried by the court, without a jury, at the New York Special Term, in February, 1891, and resulted in a judgment in favor of the defendant, rendered and entered on the 4th day of March, 1891.

*George W. Stephens*, for the appellant.

*Abram Kling*, for the respondent.

O'BRIEN, J. :

This action was brought to substitute as grantee, the plaintiff in the place of the defendant, in a certain deed made by Jacob Finelite and wife. It was alleged that a deed from Jacob to plaintiff had been placed in the possession of the defendant for safe-keeping, and that he fraudulently erased the plaintiff's name as grantee in the deed and placed his own instead, and caused the same to be recorded.

This being denied by the defendant, the issue was presented and tried, resulting in the court's finding as a fact that, although the original deed was made out to the plaintiff as grantee, she and the grantors consented to her name being erased and that of the defendant being substituted as grantee, and that, after such erasure and substitution, it was duly acknowledged and recorded.

The number of motions subsequently made upon the part of the plaintiff to open defaults and to change conditions upon granting an extension of time to serve a case upon appeal, and for various other purposes, presents a voluminous and somewhat unusual record. It is unnecessary, however, for us to recite in detail all the various steps taken by the plaintiff subsequent to the trial to evade the conclusions reached by the trial judge, and seeking in some other form to present for review his decision, all of which were rendered futile by plaintiff's failure to comply with the terms upon which an appeal was allowed, finally resulting in a dismissal of the appeal.

The trial of this action took place in February, 1891, and these several motions were from time to time presented during the year following, and among the others, an application for leave to renew the motion, which had been denied, to relieve the plaintiff from certain conditions. This application was disposed of on the 29th of February, 1892, by an order which, upon condition of the withdrawal of her notice of appeal to the General Term, permitted the plaintiff to make the motion for a new trial on the ground of newly-discovered evidence. This was subsequently made before the judge who tried the case, resulting in a denial of the motion; and it is from the order entered thereon that this appeal is taken.

The testimony which it is claimed the new witnesses would give was presented in the shape of affidavits upon the motion for leave to renew above referred to, and the learned judge who heard that motion said: "The statements made by the affiants Margowski and Wilson in their respective affidavits appear to me to be most improbable." Their force and potency when again presented upon the motion for a new trial do not seem to have impressed the judge who tried the case, and who was in the best position to determine what effect, if any, they could have upon the conclusion reached by him. One of these affiants, Margowski, made his affidavit on August sixth, and Wilson in November, 1891; and no very satisfactory

reason is given for the delay in making this motion, the idea seemingly being, as shown by the motion made resulting in the order of February, 1892, that plaintiff was desirous of pressing her appeal, and it was only upon her being denied relief from the conditions imposed that this motion upon newly-discovered evidence was resorted to. Were it not for the fact that the judge in his order gave leave to make the motion upon newly-discovered evidence, we should be inclined to think that the plaintiff had waited too long.

Assuming, however, that there was no *laches*, the question remains whether or not the statements made by the new witnesses were of such a character as to be credited, and if so, whether they would have been likely to change the result.

The statements of the affiant Margowski are directed to showing that Abraham Finelite, who was a witness on behalf of his brother, had in his presence and that of the defendant, made statements which were inconsistent with the testimony which such witness gave upon the trial, and tending to show that he had gone into an arrangement with the defendant to cheat the plaintiff out of the property which was the subject involved in the litigation. The statements in the affidavits of Wilson are directed against the defendant, and purport to rehearse a conversation between himself and the defendant, showing the defendant's hostile disposition to his mother, which took the shape of an assertion by the defendant that he would take the property away from her "even if he knew he would go to State's prison for it."

It will thus be noticed that these affidavits are directed towards impeaching the credibility of the statements of the defendant and one of his witnesses upon the stand. From the answering affidavits as to the character of these affiants and their attitude towards the defendant, it may well be questioned whether their statements would have any such effect. But whatever force such testimony might have as showing a disposition upon the part of the defendant to prevent the plaintiff retaining the title to the property, this in no way throws light upon the situation which was presented when the parties met upon the day when it was claimed the erasure was made, and from which the trial judge reached his conclusion that the plaintiff's contention had not been sustained. In his opinion he

says: "The defendant Alexander drew the deed    *    *    *    and took it to his mother and had a conversation with her respecting it, other members of the family being present. What occurred on that occasion is decisive of the case."

The affidavits of the witnesses, which it is claimed present newly-discovered evidence, have, as stated, no direct bearing upon what occurred at that interview between the plaintiff and the defendant and the other members of the family. It is not claimed by either Margowski or Wilson that they were present upon that occasion or that they knew anything about what then occurred, their statements being directed to show, as stated, that the defendant was disposed to assume a hostile attitude to the plaintiff and to insist upon her not having the title to the property. The fact that he said he would accomplish this, even if he had to go to State's prison for it, might, if his testimony was unsupported, have considerable weight. But where, as here, the whole case turned upon the interview between several witnesses, all of whom were examined upon the trial, the temper of the defendant's mind, or the disposition of his brother Abraham to support him in his view that he should have the property, might not materially affect the conclusion to be reached by the trial judge after hearing the testimony of all the witnesses who were actually present at the interview. Whether it would or not could be best determined by the trial judge himself, and he, after an examination of these affidavits, has concluded that the motion upon this ground of newly-discovered evidence should be denied.

We do not think that there is sufficient shown to justify our interfering with the disposition thus made by the trial judge, and we are of opinion that the order appealed from should be affirmed, with costs.

VAN BRUNT, P. J.:

I am of the opinion that the motion should have been denied because of *laches.* I also think that it was rightfully denied upon the merits. I concur.

FOLLETT, J., concurred.

Order affirmed, with costs.